**Mable MERRITT, Widow of Robert Henry Merritt, Petitioner,**

v.

**BETH ENERGY MINES, INC.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 00–4187.

United States Court of Appeals, Sixth Circuit.

May 24, 2001.

### ORDER

Mable Merritt, a Kentucky citizen, petitions pro se for review of the decision of the Benefits Review Board affirming the denial of her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Merritt is the widow of a coal miner. The miner was born on November 11, 1921, and married Mrs. Merritt in 1939. He worked for thirty years in coal

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

mining before retiring due to a heart attack in 1979. He filed a claim for black lung benefits following his retirement, which was denied. Following his death on March 5, 1996, Mrs. Merritt filed this claim for survivor's benefits.

An administrative law judge (ALJ) issued a decision denying Mrs. Merritt's claim. The ALJ concluded that there was insufficient evidence to support a finding that the miner suffered from pneumoconiosis. Moreover, even if the miner had pneumoconiosis, the ALJ found that there was no evidence that it caused or hastened the miner's death. The Benefits Review Board affirmed this decision, and this petition for review followed.

After careful consideration, we conclude that the petition for review of the denial of black lung benefits in this case must be denied, because the decision below is supported by substantial evidence and conforms to the governing law. *See Glen Coal Co. v. Seals*, 147 F.3d 502, 510 (6th Cir.1998).

This claim for benefits, filed in 1997, was properly reviewed under the regulations found at 20 C.F.R. Part 718. The methods for establishing that a miner suffered from pneumoconiosis are set forth in § 718.202(a). Because there was no autopsy or biopsy evidence in this case, and none of the regulatory presumptions were available, the existence of pneumoconiosis could be established either by X-ray evidence or by a physician's diagnosis. Although there were isolated diagnoses of pneumoconiosis based on both X-ray and physical examination in the record, the majority of the X-ray readings and the physicians' opinions were to the contrary.

Even if the existence of pneumoconiosis had been established, however, the ALJ properly concluded that the claim would still have to be denied because it was not established that the miner's death was due to or hastened by pneumoconiosis, as required in § 718.205(c). *See Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 819 (6th Cir.1993). The death certificate, completed by the miner's treating physician, listed the cause of death as coronary artery disease with arrhythmia. Other significant contributory conditions were identified as chronic obstructive pulmonary disease and peripheral vascular disease. The doctor did not attribute the miner's chronic obstructive pulmonary disease to his coal mining history. Several highly qualified physicians who reviewed the extensive medical record concluded that the chronic obstructive pulmonary disease was instead due to the miner's nearly life-long smoking habit. These opinions were well-reasoned and supported by the objective medical evidence.

The claimant in a black lung case bears the burden of establishing the elements of entitlement to benefits by a preponderance of the evidence. *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 158, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987). Because Mrs. Merritt did not establish that the miner's death was hastened by pneumoconiosis, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.